UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN NEWCOMBE,

                                        Plaintiff,

                                                        CIVIL CASE NO. 04-40156

v.

NORFOLK SOUTHERN RAILWAY                 HONORABLE PAUL V. GADOLA
COMPANY,                                 U.S. DISTRICT COURT

                                        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION TO STRIKE EVIDENCE AS MOOT

Before the Court are two motions in this diversity action. The first is Defendant's motion for summary judgment filed on March 31, 2005. The second motion, filed on May 17, 2005, is Defendant's motion to strike Plaintiff's statement of the facts and exhibits cited in Plaintiff's brief in opposition to Defendant's motion for summary judgment. The Court held a hearing on these motions on October 19, 2005. For the reasons set forth below, the Court grants Defendant's motion for summary judgment and dismisses Defendant's motion to strike as moot.

I.      **Background**

Plaintiff Brian Newcombe is a Michigan citizen and an employee of Caliber Auto Transfer of Detroit ("Caliber"). Plaintiff works at a facility in Melvindale, Michigan, loading and unloading railway cars. Defendant Norfolk Southern Railway Co. is a Virginia corporation that owns the Melvindale facility.

In July 2000, Defendant contracted with Caliber to provide the labor and materials for

loading and unloading motor vehicles on multi-level railway cars at the Melvindale facility.  In exchange for its work, Caliber was paid a fee for every vehicle loaded or unloaded.  The contract between Defendant and Caliber specified that Caliber "is and shall remain an independent Contractor."  Def. Mot., Ex. A., § 2 (Mar. 31, 2005).  The agreement stated that Caliber was solely responsible for employing and supervising the employees at the loading facility.  Under the contract, Caliber paid all expenses and costs incurred in performance of its contractual obligations, including employee pay, benefits, and workers' compensation.  Defendant reserved some limited rights under the contract.  For example, Defendant had the right to make reasonable requests for background checks, drug tests, and information regarding those employed at the facility.  Defendant also retained the right to bar an employee from the facility property if there was a risk to the facility's operations. The daily operations at the facility, however, were controlled by Caliber.

In December 2000, Plaintiff began employment with Caliber at the Melvindale facility. Plaintiff worked in teams of up to ten people, loading and unloading motor vehicles on railway cars. On May 12, 2001, Plaintiff was loading motor vehicles onto a tri-level railway car.  After loading one car, Plaintiff attempted to climb down a ladder on the side of the railway car.  Plaintiff's hands slipped on the ladder rung, and he fell from the railway car to the ground.  As a result of the fall, Plaintiff suffered serious injuries to his arm and back.  Plaintiff alleges that he lost his grip because of a build-up of dirt, grime, or grease on the ladder rung of the railway car.  Plaintiff received some benefits for the injury as a result of a workers' compensation action.

On May 11, 2004, Plaintiff filed suit against Defendant in Wayne County Circuit Court, alleging that Defendant was negligent in not keeping the railway car clean.  Plaintiff claims that

2

Defendant has the responsibility and duty for cleaning, repairing, and maintaining the railway cars. On June 2, 2004, Defendant properly removed the action to federal court based on the complete diversity of citizenship.

## II.    Motion for Summary Judgment

Plaintiff's complaint contains two counts. Count I is a negligence claim, while Count II is a claim that Defendant breached a contract to which Plaintiff is a third-party beneficiary. Defendant's summary judgment motion requests judgment in Defendant's favor on both counts. In Plaintiff's response to the summary judgment motion, Plaintiff concedes he is not a third-party beneficiary of a contract, and that Count II should be dismissed. Thus, only Count I, the negligence claim, remains for consideration.

In its motion for summary judgment, Defendant argues that Caliber is an independent contractor for Defendant, and thus Defendant is not liable for injuries received by Caliber's employees. In the alternative, Defendant argues that even assuming it had a duty to Plaintiff, Defendant did not breach the duty because it could not have known, or have reason to know, of a dangerous condition on the railway car.

### 1.    Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue

of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United

4

States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### 2.    Analysis

To succeed in his negligence action, Plaintiff must show duty, breach, causation, and damages. *See Wasaya v. United Artist Theatre Circuit, Inc.*, 205 F. Supp. 2d 756, 759 (E.D. Mich. 2002) (Gadola, J.) (citing *Riddle v. McLouth Steel Products Corp.*, 485 N.W.2d 676, 681 n.10 (Mich. 1992)). Plaintiff believes that the four elements are sufficiently established to create a prima facie case of negligence. Simply put, Plaintiff's argument for Defendant's negligence is that Defendant had a duty to maintain the outside of the railway cars free of dirt, grime, and grease, including the ladder attached to the side of the railway car; that Defendant failed to clean off the ladder that had accumulated; and that Plaintiff's hands slipped on dirt and grime, thereby causing

him to fall and suffer damages.  Plaintiff's entire case, therefore, rests on the one fact that there was

dirt, grime, and grease on the ladder rung outside the railway car.

The evidence supporting the existence of dirt on the ladder is scant, and consists only of

Plaintiff's allegations of a hypothetical possibility of dirt on the ladder and eleven unhelpful

photographs.  Plaintiff admits that he does not know if there was dirt on the ladder.  Newcombe Dep.

88:20-89:5; 91:11-20.  Instead, Plaintiff has only two supporting allegations: that his hands slipped

(Newcombe Dep. 86:3-23), and that his work gloves were filthy (Newcombe Dep. 179:21-23).

From these allegations, Plaintiff asks the Court to presume that because Plaintiff's hands slipped and

because his gloves were filthy, there must have been a dirty or greasy substance on the ladder.

In support of his contention that there was dirt on the ladder, Plaintiff also puts forward the

eleven photographs submitted as Exhibit A in Plaintiff's response to Defendant's motion for

summary judgment.  *See* Pl. Resp., Ex. A (Apr. 27, 2005).  The photographs were provided to

Plaintiff by Defendant in response to a subpoena issued in the prior workers' compensation

proceeding.  They depict several different perspectives of a railway car.  Plaintiff argues that the

photographs establish that the railway car and the ladder rung were covered with dirt or grime.

Plaintiff identified the pictures as those taken of a railway car similar to the one that he had fallen

off.  Newcombe Dep. 107:10-117:3.  Plaintiff did not, however, identify the photographs as pictures

of the actual railway car that he fell from.  In fact, there is no evidence establishing that the pictures

were of the particular railway car that Plaintiff was injured on, or that the pictures were taken near

the time of the accident, or that they accurately portray the railway car's condition at the time of the

accident.  Moreover, even assuming that these pictures do portray the actual railway car Plaintiff fell

6

from as it was at the time of the accident, the photographs themselves are unhelpful in determining whether the ladder was dirty.  The eleven pictures submitted to the Court are grainy, black-and-white, and of poor quality.  Upon examination, the pictures do not indicate an unusual build-up or presence of dirt, grime, or grease on the ladder.

On the other hand, there is plenty of support contesting the existence of dirt or grime on the ladder.  First, there is no evidence in the record that anyone noticed at the time of the accident that there was dirt, grime, or grease on the ladder.  Instead, immediately before Plaintiff attempted to descend the ladder, seven other employees descended the same ladder without incident.  Plaintiff testified that he watched the seven employees go down before him without slipping.  Newcombe Dep. 87:7-19.  Plaintiff testified that none of the employees who had just descended the ladder made any comment to Plaintiff to watch out for dirt on the ladder, or to be careful because the ladder was slippery.  Newcombe Dep. 45:23-46:1.  Because he was wearing gloves, Plaintiff did not feel any substance on the ladder.  Newcombe Dep.87: 3-6.  Furthermore, Plaintiff admits that he does not know whether there was any substance on the ladder.  Newcombe Dep. 88:20-89:5; 91:11-20.  Defendant also provided a sworn affidavit by Jim Adkins, who stated the following:

> On the date of the accident, I was called into work immediately following Mr. Newcombe's fall from a railroad car.  I personally conducted an inspection of the railcar and ladder from which Brian Newcombe fell and found no mechanical flaws, nor any slippery substance of any kind that would have caused Mr. Newcombe to lose his grip.

Def. Reply, Affidavit of Jim Adkins (May 17, 2005).  Finally, there is no indication that a similar instance of slipping has ever occurred to any employee at the Melvindale facility, either before or after Plaintiff's accident.

7

Even when considered in the light most favorable to Plaintiff, evidence supporting the existence of a build-up of dirt or grime is very limited. The Supreme Court has said that very limited evidence does not defeat a summary judgment motion: "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). In this case, any evidence there is consists merely of a scintilla, and would not be sufficient to support a jury verdict in favor of Plaintiff. This Court finds that there is insufficient evidence supporting the allegation that there was dirt, grime, or grease on the ladder rung causing Plaintiff to slip and fall. Without evidence supporting the presence of a build-up of dirt or grime, there is no potential breach of duty by Defendant, and thus no viable negligence claim. Therefore, the Court finds that summary judgment is appropriate for the Plaintiff. Consequently, it is unnecessary to consider Defendant's other arguments for the appropriateness of summary judgment in its favor.

III.    **Motion to Strike Plaintiff's Statement of Facts and Exhibits**

Defendant also filed a motion to strike Plaintiff's statement of facts and exhibits contained in Plaintiff's response to the summary judgment motion. Defendant alleges that the exhibits are insufficiently authenticated, and that the statement of facts has insufficient evidentiary support.

Even when considering this evidence objected to by Defendant in its motion to strike, the Court finds that the case should be dismissed on summary judgment. Therefore, the merits of Defendant's motion to strike need not be considered, and Defendant's motion will be dismissed as moot.

8

**IV.     Conclusion**

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's motion for

summary judgment [docket entry 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion to strike [docket entry 18] is

**DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action, Case No. 04-40156, is **DISMISSED**.

**SO ORDERED.**


Dated:  October 25, 2005                          s/Paul V. Gadola
                                                  HONORABLE PAUL V. GADOLA
                                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  October 26, 2005  , I electronically filed the foregoing paper with
the Clerk of the Court using the ECF system which will send notification of such filing to
the following:
                         Joseph J. McDonnell                         , and I
hereby certify that I have mailed by United States Postal Service the paper to the
following non-ECF participants:                         John F. Harrington                         .


                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845

---

9